# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ] | |
| ] | |
| ] | |
| **v.** ] | **2:23-cr-271-ACA-NAD-1** |
| ] | |
| **TRAVION CORTEZ VANHORN,** ] | |
| ] | |
| **Defendant.** ] | |

## ORDER

A grand jury indicted Travion Cortez Vanhorn for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), because he has two previous felony convictions: one for first degree possession of marijuana and one for distribution of a controlled substance. (Doc. 1). Mr. Vanhorn moves to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional both facially and as applied to him. (Doc. 24). The magistrate judge entered a report recommending that the court deny the motion because binding Eleventh Circuit precedent holds that § 922(g)(1) is not unconstitutional. (Doc. 27). In Mr. Vanhorn's objections, he concedes that Eleventh Circuit precedent forecloses his argument that § 922(g)(1) is facially unconstitutional but maintains that the statute is unconstitutional as applied to him. (Doc. 31).

The Second Amendment to the U.S. Constitution protects "the right of the people to keep and bear Arms." U.S. Const. amend. II. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command." *Id.* The Eleventh Circuit has held that § 922(g)(1)'s prohibition of firearm possession by felons is constitutional. *Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) ("[S]tatutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of certain classes of people. [Defendant], by virtue of his felony conviction, falls within such a class."); *see also United States v. Dubois*, 94 F.4th 1284, 1293 (11th Cir. 2024) (holding that *Rozier* remains binding precedent in the Eleventh Circuit).

Like Mr. Vanhorn's argument about the facial constitutionality of § 922(g)(1), Eleventh Circuit precedent forecloses his argument about the constitutionality of § 922(g)(1) as applied to him. He contends that the United States' historical tradition permits prohibiting firearm possession by those convicted of violent crimes but not those convicted of non-violent crimes. (Doc. 24 at 3–4). Thus, he argues, his drug convictions cannot disqualify him from possessing firearms.

(*Id.*). But the Eleventh Circuit held that, as a historic matter, felons are categorically not qualified to possess firearms. *Rozier*, 598 F.3d at 771. Moreover, like Mr. Vanhorn, the defendant in *Rozier* had only felony drug convictions. *See id.* at 769. Accordingly, *Rozier* forecloses Mr. Vanhorn's as-applied challenge just as it does his facial challenge. The court therefore **OVERRULES** Mr. Vanhorn's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. The court **DENIES** Mr. Vanhorn's motion to dismiss the indictment.

    **DONE** and **ORDERED** this April 9, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE